UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>Thomas F. Pitts,<br><br>Debtor | Chapter 7<br><br>Bankruptcy No. 26-00049 |
| Dennis Costello,<br><br>Plaintiff<br>vs.<br><br>Thomas F. Pitts,<br><br>Defendant | Adversary No. 26-09014 |

## OPINION AND ORDER ON DEFENDANT'S RENEWED MOTION TO DISMISS

This matter came before the Court for a telephonic hearing on the Renewed Motion to Dismiss (Doc. 22). Attorney Steven G. Klesner appeared for Thomas F. Pitts ("Defendant"). Dennis Costello ("Plaintiff") appeared *pro se*. The Court heard arguments and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### I. STATEMENT OF THE CASE

This case by a pro se plaintiff presents the Court with a frustrating and difficult decision it likely would not need to decide if Plaintiff was represented by a lawyer. The Court must decide here whether to dismiss a pro se complaint that is clearly not in the proper form but that appears to have some plausible merit (at least to survive a motion to dismiss). It is a case in which strict application of the rules run directly into concerns of fundamental fairness and opportunity to be heard on something not frivolous on its face.

On March 27, 2026, Plaintiff filed this adversary proceeding, objecting to Defendant's discharge of a state court judgment of $879,500 under both 11 U.S.C. §§ 523(a) and 727(a). Defendant moved to dismiss the complaint under Federal Rules of Civil Procedure ("Rule") 12(b)(6), 9(b), and 12(e). Plaintiff resisted the motion and alternatively requested leave to amend the complaint. Following a hearing, the Court concluded the original complaint failed to satisfy the applicable pleading standards and granted Plaintiff leave to file an amended complaint.

Plaintiff amended his complaint (the "Amended Complaint") on June 15, 2026. He made some changes but still left many deficiencies under the rules and law governing pleadings. Defendant filed this "Renewed Motion to Dismiss" under Rule 12(b)(6). Defendant argues the Amended Complaint is untimely, does not cure the deficiencies identified by the Court, and fails to state a claim upon which relief may be granted. While Defendant is largely correct on the last two arguments, the

Renewed Motion to Dismiss is denied. For the reasons stated below, the Court identifies the deficiencies and provides Plaintiff one, final chance to get the complaint in the proper form, with proper content, or face dismissal.

## II. BACKGROUND

The Amended Complaint attempts to plead the following allegations in a disjointed, hard-to-follow format that tries to incorporate one hundred pages of exhibits to support the statements. In late 2021, Plaintiff engaged in business dealings with Defendant on property located on 121 Broadway Street, Charlotte, Iowa. The property functioned as both an apartment and bar for Defendant. Another individual, Tammy Bliss, resided with Defendant at the Charlotte Bar from August 2019 through June 2022.

Plaintiff and Defendant entered into multiple loan and note agreements. The first loan provided that Plaintiff would provide $150,000 at a 5% interest rate for an ownership or partnership interest in a bar in Charlotte, Iowa (the ”Charlotte Bar”). The loan agreement required Defendant to make monthly payments of $1,590.98 for a period of 10 years until the loan was repaid. Defendant signed the note agreeing to repay the full amount. The first payment of $1,590.98. Defendant then wrote a $1,000 check to Plaintiff in connection with those dealings. The parties then entered into a second loan agreement. Plaintiff loaned $878,000 in various installments to

Defendant over the years. Afterwards, Defendant made the first payment under the second agreement but then made no further payments under either loan.

Sometime in 2023, a tornado damaged the Charlotte Bar. Defendant received $102,500 in insurance proceeds for the damages. Defendant used the proceeds for personal purposes and never shared any proceeds with Plaintiff. Defendant failed to make repairs to the Charlotte Bar, resulting in city fines.

On March 25, 2024, Defendant executed a mortgage on the Charlotte Bar for a $230,000 loan from Blackhawk Bank & Trust. Defendant also pledged an interest in two trailers he purported to own as collateral for the loan. It turned out that Tammy Bliss continued to have ownership of the trailers and Defendant still owed her $34,000 on the trailers. Defendant, according to Plaintiff here, had no authorization to pledge the trailers. Plaintiff also appears to make a contradictory, or extremely confusing allegation that Defendant had "signed" the trailer titles. Plaintiff then alleges Defendant signed the mortgage document and trailer titles as a "single person."

The bank later foreclosed on the Charlotte Bar. Around this time, Plaintiff discovered Defendant never documented or disclosed the fact Defendant granted him an interest in the bar property. Blackhawk Bank & Trust also apparently paid Tammy $34,000 and obtained title to the two trailers that Defendant wrongly claimed he owned.

Plaintiff later sued Defendant in the Iowa District Court for Clinton County. He asserted claims for breach of contract. The state trial court granted a default judgment against Defendant but set the case for hearing on damages because of the amount of damages alleged. The parties presented evidence, the trial court made findings of facts on the record, and the court rendered an $879,500 judgment in favor of Plaintiff. After the judgment, Defendant deposited $4,850 into the account of another party–Bobby Tomlinson. The deposit occurred from January 2025 to July 2025. On January 15, 2026, Defendant filed for Chapter 7 bankruptcy. During the 341 meeting, Defendant claimed Plaintiff is a "partner" of the Charlotte Bar. Plaintiff then objected to the discharge by filing this case.

## III. DISCUSSION

### A. Plaintiff's Procedural Objections

Plaintiff first contends Defendant's motion is barred by Rule 15(a)(1)(B). Rule 15(a)(1)(B) is made applicable by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7015. FED. R. CIV. P. 15(a)(1)(B); FED. R. BANKR. P. 7015. Rule 15(a)(1)(B) governs when a party may amend a pleading as a matter of course following service of a motion under Rule 12. FED. R. CIV. P. 15(a)(1)(B). Rule 15(a)(1)(B) does not prohibit a defendant from challenging the sufficiency of an amended complaint. See Id. After Plaintiff filed the Amended Complaint, Defendant

was entitled to test the legal sufficiency of that pleading by filing the Renewed Motion to Dismiss.

Plaintiff next argues that Defendant waived the Rule 12(b)(6) argument by failing to specifically state he wanted 12(b)(6) relief in the Renewed Motion. The Court disagrees. Defendant raised Rule 12(b)(6) in the original Motion to Dismiss and renewed that defense after Plaintiff filed the Amended Complaint. Defendant preserved the Rule 12(b)(6) defense.

Plaintiff also claims Defendant violated Local Rule 7.1. The Local Rules of Bankruptcy Practice and Procedure for the Northern District of Iowa does not contain Rule 7.1. The Court finds no basis for denying the Renewed Motion to Dismiss on that ground. Plaintiff's procedural objections are overruled.

B. Defendant's Objection to Timeliness of the Amended Complaint

Defendant objects to the Amended Complaint as untimely and requests that it be dismissed. Courts may dismiss untimely complaints where the delay would cause undue prejudice. See Longie v. Spirit Lake Tribe, 400 F.3d 586, 588 n. 3 (8th Cir. 2005) ("We have held that amended complaints, although liberally permitted under Fed. R. Civ. P. 15(a), **may be denied** if there has been undue delay, there has been bad faith on the part of the moving party, the amendment would be futile, or unfair prejudice would result.") (emphasis added). But a minute delay in filing does not cause undue prejudice. See Id. Here, Plaintiff is proceeding pro se and filed his

amendment only two days later. Although his claims are not fully developed, they are substantially, if not exactly, the same as those in his prior complaint. Defendant has had notice of the claims and is aware of what he must defend against. The procedural objection is overruled. The Court now turns to whether the Amended Complaint states a claim.

C. Standard for Motion to Dismiss

Rule 12(b)(6), made applicable in adversary proceedings by Bankruptcy Rule 7012(b), permits dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b). To survive a motion to dismiss, the complaint must "state a claim that is plausible on its face . . . ." Stoebner v. Opportunity Fin., LLC, 909 F.3d 219, 225 (8th Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see FED. R. CIV. P. 8. A claim is facially plausible when the factual allegations support a reasonable inference that the defendant is liable for acting unlawfully. Iqbal, 556 U.S. at 663 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Claims for fraud shall "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The Court must assume the allegations are true in deciding the motion to dismiss but is not bound to accept any legal conclusions. Official Comm. of Unsecured Creditors v. Archdiocese of St. Paul & Minneapolis (In re Archdiocese of St. Paul & Minneapolis), 888 F.3d 944, 950 (8th Cir. 2018) (citing Detroit Gen. Ret. Sys. v.

Medtronic, Inc., 621 F.3d 800, 804 (8th Cir. 2010)). Merely reciting the elements of a claim and supporting them with conclusory statements are insufficient to survive a motion to dismiss. Stoebner, 909 F.3d at 225–26 (citing Iqbal, 566 U.S. at 678). Exhibits attached to a complaint are "a part of the pleading for all purposes" and therefore the Court need not convert the motion to dismiss to a motion for summary judgment. FED. R. CIV. P. 10(c); Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002); see FED. R. CIV. P. 12(d).

While the Court provides latitude in construing a pro se complaint, James C. Robinson Critique Servs., LLC v. Steward (In re Steward), 828 F.3d 672, 682 (8th Cir. 2016), the complaint must still "allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted). Stated another way, the Court will not supply additional facts, nor will construct a legal theory that assumes facts that have not been pleaded. Id. (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

D. The Amended Complaint

The grant of a motion to amend the complaint puts the plaintiff on notice to cure deficiencies apparent in the original complaint. See Hirth v. Iowa Utils. Comm'n, 771 F. Supp. 3d 1058, 1071 (N.D. Iowa 2025); United States ex rel. Holt v. Medicare Medicaid Advisors, Inc., 115 F.4th 908, 922 (8th Cir. 2024). Failure to cure the deficiencies may result in dismissal of the case. See Ellis v. Nike USA, Inc., 158

F.4th 932, 936–37 (8th Cir. 2025); In re Veg Liquidation, Inc., 583 B.R. 203, 214 (B.A.P. 8th Cir. Ark. 2018) (affirming the bankruptcy court's dismissal of the amended complaint where it "simply repackages the same assertions of nefarious conduct on the part of the Defendants into additional causes of action").

This Court previously granted Plaintiff's motion to amend the complaint with the following order: "Plaintiff shall have up to and including June 12, 2026, to file one (1) precise, completed complaint." (Doc. 18). Plaintiff amended his complaint– three days after the deadline. The Amended Complaint now seeks to exclude the defendant's debt from discharge under 11 U.S.C. §§ 523(a), 727(a). Plaintiff alleges claims for (1) embezzlement, (2) actual fraud, (3) concealment, (4) false oath, and (5) larceny. Ultimately, the Amended Complaint remains imprecise and incomplete. The Court will address how each claim is deficient in turn.

**Count I - Embezzlement**

The first count of the Amended Complaint alleges embezzlement. Section 523(a)(4) states that a debtor is not entitled to discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . ." 11 U.S.C. § 523(a)(4). "To establish embezzlement, Plaintiff must prove: (1) Debtor was entrusted with property or lawfully came into possession of property of another; (2) Debtor was under a prior restraint, whether written or verbal, as to the use of the property; and (3) the terms of restraint were violated by Debtor's use of the property."

Wilson Bros.-Hanover, Inc. v. Linenfelser (In re Linenfelser), No. 22-00283, 2023 WL 6469696, at *3 (Bankr. N.D. Iowa Oct. 4, 2023) (citing In re Belfry, 862 F.2d 661, 663 (8th Cir. 1988); Brown v. Heister (In re Heister), 290 B.R. 665, 674 (Bankr. N.D. Iowa 2003).

Plaintiff alleges Defendant received $102,500 in insurance proceeds to repair tornado damage to the Charlotte Bar, but "intentionally misapplied" those proceeds for personal purposes. Even accepting these allegations as true, the mere misuse of funds without a showing of entrustment or restrictions does not state a plausible claim. Robb v. Gividen (In re Gividen), 667 B.R. 171, 179 (Bankr. N.D. Ga. 2025) (dismissing embezzlement claim where plaintiffs failed "to allege ownership of the funds they contend were misused by the Debtor through entrustment or earmarking such that the Plaintiffs maintained an ownership interest in the funds at issue"). The Amended Complaint does not plead facts showing Defendant was entrusted with Plaintiff's property or that Plaintiff possessed a legal interest in the insurance proceeds. The pleadings also fail to explain how the misuse of the proceeds harmed Plaintiff. As stated, this Court finds that Count I fails to state a claim.

**Count II - Actual Fraud**

The second count of the Amended Complaint alleges actual fraud. Section 523(a)(2)(A) excepts from discharge any debt "for money . . . to the extent obtained by false pretenses, false representations, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

To show actual fraud, Plaintiff must prove: "(1) the debtor made false representations; (2) the debtor knew the representations were false at the time they were made; (3) the debtor made the representations with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on the representations; and (5) the creditor sustained the alleged injury as a proximate result of the representations having been made." United States v. Hampton (In re Hampton), 396 B.R. 28, 30 (Bankr. N.D. Iowa 2008) (citing In re Van Horne, 823 F.2d 1285, 1287 (8th Cir. 1987); Cain v. Burghoff (In re Burghoff), 374 B.R. 672, 678 (Bankr. S.D. Iowa 2007)).

Plaintiff alleges Defendant told Plaintiff that plaintiff was an owner or partner of the Charlotte Bar. Plaintiff claims the representation was false at the time it was made because the bar was never titled in Plaintiff's name. Plaintiff also asserts he relied on this representation when the $1,000 check was issued. The Amended Complaint does not plead fraud with particularity as required by Rule 9(b). See FED. R. CIV. P. 9(b); Durns v. Dawson (In re Dawson), 264 B.R. 13, 16 (Bankr N.D. Iowa 2001); Phillips 66 Co. v. Miltenberger (In re Miltenberger), 538 B.R. 547, 553–54 (Bankr. E.D. Mo. 2015). Plaintiff's allegations do not explain how Defendant knew the representation was false or how Defendant intended to deceive Plaintiff. Nor do the allegations explain the extent of Plaintiff's injuries. In an amended complaint, Plaintiff is not relieved of pleading sufficient facts to proceed with his actual fraud

claim. See Symonies v. Sobol (In re Sobol), 545 B.R. 477, 493 (Bankr. M.D. Pa. 2016) (dismissing the amended complaint for failure to "allege knowledge on [the defendant's] part of the falsity or deceptiveness of any statement or conduct, an intent by [the defendant] to deceive [the plaintiff], justifiable reliance by [the plaintiff] on [the defendant's] statement or conduct, and that [the plaintiff] suffered a loss or damages as a proximate cause of the false representation or act"). As pleaded, the Court would find Count II deficient as well.

**Count III - Concealment**

The third count of the Amended Complaint alleges concealment. A transfer that was concealed before the petition date is governed by section 727(a)(2)(A). That section grants a debtor's discharge unless plaintiff proves: "(1) that the act complained of was done within one year prior to the date of petition filing; (2) the act was that of the debtor; (3) it consisted of a transfer, removal, destruction, or concealment of the debtor's property; and (4) it was done with an intent to hinder, delay, or defraud either a creditor or an officer of the estate." See Cronin, Skilton & Skilton v. Fielder (In re Fielder), 548 B.R. 543, 547 (Bankr. N.D. Iowa 2016) (quoting Korte v. IRS (In re Korte), 262 B.R. 464, 472 (B.A.P. 8th Cir. 2001); 11 U.S.C. §727(a)(2)(A).

Plaintiff alleges Defendant concealed and transferred $4,850 to Bobby Tomlinson's account within one year of the bankruptcy filing. Plaintiff pleads no

additional supporting facts from which the Court could reasonably infer fraudulent intent. Plaintiff identifies the transfer of funds to someone named Bobby Tomlinson, but fails to explain with particularity why the transfer demonstrates an intent to hinder, delay, or defraud creditors. See FED. R. CIV. P. 9(b). Without specific factual allegations, and as currently pleaded, the Court would find Count III fails to state a plausible claim.

**Count IV - False Oath**

The fourth count of the Complaint alleges false oath. Section 727(a)(4) denies discharge where "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." 11 U.S.C. § 727(a)(4). A false oath claim has five elements: "(1) Debtor made a statement under oath; (2) the statement was false; (3) Debtor knew the statement was false; (4) Debtor made the statement with fraudulent intent; and (5) the statement related materially to the Debtor's bankruptcy case." In re Fielder, 548 B.R. at 549 (quoting McDermott v. Govani (In re Govani), 509 B.R. 675, 686 (Bankr. N.D. Iowa 2014).

Plaintiff alleges Defendant made a false oath in his bankruptcy schedules and during the 341 meeting of creditors by claiming Plaintiff was a partner of the Charlotte Bar. Plaintiff points to a mortgage where Defendant signed as a "single person" with no "partner" listed. Plaintiff appears to contend that the term "single person" refers to a sole owner or partner. Defendant responds that this proves only

that Defendant was single and unmarried. On these facts alone, this Court could not reasonably infer that Defendant could be liable for "false oath." See Iqbal, 556 U.S. at 663. As pleaded, this Court would find Count IV does not state a **plausible** claim.

**Count V - Larceny**

The final count of the Complaint alleges the debt is non-dischargeable under section 523(a)(4) because it constitutes larceny. A larceny claim requires proof that the debtor wrongfully carried away another's property with "intent to convert such property" without the owner's consent. See Peoples Sav. Bank v. Pitz (In re Pitz), No. 15–00003, 2016 WL 1530003, at *2 (Bankr. N.D. Iowa Apr. 13, 2016) (quoting Kan. Bankers Sur. Co. v. Eggleston (In re Eggleston), 243 B.R. 365, 378 (Bankr. W.D. Mo. 2000); In re Heister, 290 B.R. at 674. Unlike embezzlement, the larceny exception to discharge applies if the original taking was unlawful. In re Pitz, 2016 WL 1530003, at *2; see In re Heister, 290 B.R. at 674 (citing Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993)).

Plaintiff appears to attempt to allege Defendant committed larceny by wrongfully pledging trailers owned by Tammy Bliss as collateral for a loan. The Amended Complaint does not allege facts establishing how Defendant's alleged conduct created a debt owed to Plaintiff or otherwise satisfied the elements of larceny under section 523(a)(4). Instead, Plaintiff offers only conclusory assertions that Defendant committed larceny. Such allegations are genuinely insufficient to

state a plausible claim for relief. See Iqbal, 566 U.S. at 663. Accordingly, this Court would find Count V fails to state a claim.

E. Another Chance to Amend

For the reasons outlined in the beginning of the opinion, the Court believes Plaintiff should be allowed a second–and final–opportunity to amend his complaint. Plaintiff has a significant state court judgment for $879,500 against Defendant. The State Court made factual findings on the record that are not before this Court and may have bearing on the merits of this case. There appears to be other facts that Plaintiff has failed to plead that could bear on the merits as well.

The Court has set out the deficiencies in Plaintiff's pleading. There are also rules to govern the form on how they are presented. The Court very strongly encourages the pro se plaintiff to retain a lawyer to assist in preparing a pleading to address those deficiencies. The Court gives Plaintiff 28 days to find a lawyer and have a second amended complaint on file. Failure to file a second amended complaint will result in immediate dismissal. This is Plaintiff's final chance to avoid dismissal.

## IV. CONCLUSION

The Court provided Plaintiff an opportunity to amend his complaint to file one precise, completed complaint. Plaintiff failed to cure the deficiencies. The Amended Complaint continues to rely on conclusory allegations and statutory recitations. The

100 pages of exhibits attached do not set forth sufficient facts to properly allege Defendant's liability on the claims asserted. Although the Court liberally construes Plaintiff's pro se pleadings, this does not excuse plaintiff's failure to plead sufficient facts to show claims upon which relief may be granted under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 727(a)(2), and 727(a)(4). Courts are not required to **construct legal theories under unpled facts**. Stone, 364 F.3d at 914. Nonetheless, this Court may allow another amendment when justice so requires. See FED. R. CIV. P. 15(a)(2). Plaintiff is ordered to amend his complaint and plead all relevant facts in detail.

**WHEREFORE**, Defendant's Renewed Motion to Dismiss is Dismissed.

**FURTHER**, Plaintiff shall have up to 28 days to file one precise, completed complaint with properly pled facts that the legal claims rely on.

Ordered: October 15, 2026

Thad J. Collins
Chief Bankruptcy Judge